IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ROBERT WILHELM, Individually and on**                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                        No. 1:22-cv-690

**AMERICAN AIRLINES, INC.**                            **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Robert Wilhelm ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant American Airlines, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient overtime wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Cook County.

11. Defendant is a foreign, for-profit corporation.

12. Defendant's registered agent for service of process is C T Corporation System, 208 SO Lasalle Street, Suite 814, Chicago, Illinois 60604.

13. Defendant, in the course of its business, maintains a website at https://www.aa.com/homePage.do.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

17. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18. Plaintiff was employed by Defendant within the three years preceding the filing of this lawsuit.

19. Specifically, Defendant employed Plaintiff as a Fleet Service Clerk from 1986 until the present.

20. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime provisions of the FLSA.

21. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

22. At all relevant times herein, Defendant directly hired Plaintiff and other Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. Defendant requires Plaintiff to complete quarterly training modules.

24. Defendant also requires other employees, such as other Fleet Service Clerks, Mechanics, Gate Agents and Cargo Workers (collectively, "Hourly Employees") to complete the quarterly training modules.

25. The training modules last approximately 4 to 5 hours each.

26. Plaintiff and other Hourly Employees are regularly required to complete the training after their shift is over, while they are no longer clocked in.

27. Defendant regularly fails to pay Plaintiff and other Hourly Employees for the time they spend completing the quarterly training, or pays them their regular hourly pay rate rather than an overtime pay rate, even if Plaintiff or other Hourly Employees have already worked over 40 hours that week.

28. If Plaintiff or other Hourly Employees refuse to complete the training, they are disciplined, up to and including termination of their employment.

29. Plaintiff regularly worked more than 40 hours per week.

30. In each week in which Plaintiff was required to complete the quarterly training modules without clocking in, Plaintiff has incurred damages.

31. Upon information and belief, Plaintiff completed the training modules during the week of January 31, 2021, and was not paid for this time, thereby incurring damages in that week.

32. Defendant did not pay Plaintiff or other Hourly Employees 1.5x their regular rate for all hours worked over 40 each week, specifically in the weeks in which they completed quarterly training modules.

33. Defendant knew or should have known that Plaintiff and other Hourly Employees were working hours over forty in weeks in which they also completed the quarterly training modules.

34. At all relevant times herein, Defendant has deprived Plaintiff and other Hourly Employees of regular wages and overtime compensation for all hours worked.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the IMWL.

## V. REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

38. Plaintiff proposes the following collective under the FLSA:

> **All hourly employees who were required to complete quarterly training modules within in the past three years.**

39. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid an hourly wage;

B. They were classified as nonexempt from the overtime requirements of the FLSA;

C. They were required to complete quarterly training modules per Defendant's policies; and

D. They were not paid for the time they spent completing the quarterly training modules or were paid at a straight-time rate.

42. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

43. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

44. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

45. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

46. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

53. Defendant failed to pay Plaintiff for all hours worked.

54. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

56. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

57. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

60. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

61. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

62. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

68. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

70. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

71. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

72. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robert Wilhelm, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

    C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

    D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

    E.    An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

    F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ROBERT WILHELM, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com